The Honorable Joe Yates State Senator 1812 Clark Bentonville, Arkansas 72712-6829
Dear Senator Yates:
This is in response to your request for an opinion on the following question:
 Can a person who holds a seat on the City Council of a city also serve on that same city's Planning Commission?
For the reasons that follow, it is my opinion that the answer to this question may depend upon which office the individual held first. If an individual already holds the position of city councilman, and is then appointed, during his term, as a member of the planning board, this appointment violates A.C.A.14-42-107(a)(2). If, however, the individual was a member of the planning commission first, and then is elected to the city council, he may hold both positions so long as two-thirds of the members of the planning commission do not hold any other municipal office. A.C.A. '14-56-404.
The relevant statutes are A.C.A. '14-56-404 and '14-42-107. The former statute gives municipalities the authority to create planning commissions and states that:
 (a) The legislative body of the municipality may create a planning commission of not less than five (5) members, of whom at least two-thirds
 (2/3) shall not hold any other municipal office or appointment except membership in the board of adjustment or a joint planning agency.
It appears that this statute would not prohibit a planning commission member from serving in another municipal office, as long as two-thirds of the members do not hold another office.See e.g. Unofficial Opinion No. 86-593.
However, A.C.A. § 14-42-107, provides that:
 (a)(2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
This statute prohibits council members from being appointed to any other municipal office during their term. Thus, a sitting council member could not be appointed to the planning commission. It appears, however, that this statute would not prohibit dual service as council member and planning commissioner, if the appointment to the planning commission was not made during the individual's term as councilman. Thus, for example, if the appointment was made before the individual was elected councilman, there would not appear to be a prohibition, if no more than two-thirds of the planning commissioners hold any other municipal office.
If the councilman is appointed to the planning commission within one year after his term as councilman ends, he may serve if the planning commission was not created, or the emoluments of the planning commission members were not increased during his term as councilman. A.C.A. § 14-42-107 (a)(1).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT, Attorney General
WB:arb
Enclosures